THE STATE OF OHIO, APPELLEE, *v.* QUALLS, APPELLANT.

(No. 87AP-313—Decided June 23, 1988.)

*Michael Miller,* prosecuting attorney, and *Joyce S. Anderson,* for appellee.

*Daniel A. More,* for appellant.

WHITESIDE, P.J. Defendant, Robert Qualls, appeals from a judgment of the Franklin County Court of Common Pleas and raises two assignments of error as follows:

"1. The trial court erred in proceeding with defendant-appellant's probation revocation hearing and sentencing when there were substantial indications that defendant-appellant was incompetent. Said error denied the defendant-appellant due process of law as guaranteed by the United States and Ohio Constitutions.

"2. The trial court erred in revoking defendant-appellant's probation and invoking a higher sentence when the appellant's violations were the result of his mental illness. Said error denied the defendant-appellant his right to due process of law as guaranteed by the United States and Ohio Constitutions."

Defendant was indicted for aggravated burglary, pleaded guilty to attempted burglary and was sentenced to two to ten years' imprisonment, with fifteen days' jail credit. Defendant filed a motion for shock probation, which was granted on November 4, 1986, and defendant was placed on probation for five years.

On December 8, 1986, defendant was arrested for menacing and criminal trespassing, and on December 15, 1986, defendant was convicted of menacing. On February 4, 1987, defendant was arrested for, and pleaded guilty to, a charge of disorderly conduct. In response to the conviction on the charge of menacing, two probation revocation hearings were held, one on February 10, 1987, and the other one on January 13, 1987, during which reports from the Franklin County Sheriff's Department and Southeast Community Health Center were stipulated into evidence. Based upon the stipulations, the trial court found that defendant had violated the conditions of his probation and ordered defendant to be examined by the Southwest Forensic Psychiatry Center.

On March 5, 1987, the trial court held a third hearing, during which a report from the Southwest Forensic Psychiatry Center was stipulated into evidence. Defendant and counsel had an opportunity to comment. The trial court sentenced defendant to five to ten years in the state penitentiary and wrote a letter to the Superintendent of the Chillicothe Correctional Institute stating that defendant "has a significant mental problem which must be treated."

Defendant, in his first assignment of error, contends that the trial court erred in proceeding with the revocation hearing where there were indications that defendant was not competent to participate in the proceeding. Defendant asserts that there existed substantial evidence casting doubt on defendant's competency to participate in the proceedings.

The determinative issue is whether due process requires a determination of defendant's competency at the probation revocation hearing.

Defendant had no statutory right to a determination of competency.

R.C. 2945.37(A) states that, in a criminal action, the court, prosecutor, or defendant may raise the issue of defendant's competency to stand trial. If the issue is raised before trial, the court shall hold a hearing on the issue. If the issue is raised after trial, the court shall hold a hearing on the issue only for good cause shown. Moreover, a defendant is presumed competent to stand trial "unless it is proved by a preponderance of the evidence in a hearing under this section that because of his present mental condition he is incapable of understanding the nature and objective of the proceedings against him or of presently assisting in his own defense." R.C. 2945.37 addresses competency to stand trial. Defendant was not on trial but, rather, was participating in a probation revocation hearing, which occurred as a result of defendant's arrest and conviction for menacing and his later arrest for disorderly conduct, all of which occurred while defendant was on shock probation.

The Fourteenth Amendment to the United States Constitution declares that no state shall deprive any person of life or liberty without due process of the law. It has been established that before probation can be revoked, due process requires that a probationer be given a preliminary and a final revocation hearing. In *Gagnon v. Scarpelli* (1973), 411 U.S. 778, the United States Supreme Court held that a probationer is entitled to a preliminary and final revocation hearing under the condition specified in *Morrissey* v. *Brewer* (1972), 408 U.S. 471, which set forth the following due process requirements for revocation of parole, at 489, which include, in pertinent part:

"* * * (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be

heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body * * *; (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. * * *"

The United States Supreme Court in *Morrissey, supra,* at 480, stated that revocation does not deprive an individual of the absolute right of liberty to which every citizen is entitled, but only of a conditional right of liberty properly dependent on the observance of special restrictions. Thus, the full panoply of due process rights is not available, but minimal due process requirements must be recognized. The United States Supreme Court in *Gagnon, supra,* found that the right of an indigent facing revocation of probation to state-appointed counsel is to be determined on a case-by-case basis. The *Gagnon* court recognized that the effectiveness of the rights guaranteed in *Morrissey, supra,* may in some instances depend on the use of the skills which a probationer is unlikely to possess.

In the same manner, we find that the effectiveness of the minimal standards enumerated in *Morrissey, supra,* namely (1) disclosure of the evidence against defendant; (2) the opportunity of the defendant to be heard and to present witnesses and documentary evidence; and (3) the right to confront and cross-examine those witnesses may be rendered null if the defendant is not competent to understand and to participate in or to assist counsel in participating in the proceedings. Accordingly, we hold that the issue as to the need for a competency hearing may, as in R.C. 2945.37(A), be raised by the court or defendant, and the decision to hold such a hearing must be made on a case-by-case basis in the exercise of the sound discretion of the trial court. Certainly, if a competency hearing is requested by defendant and denied by the trial court, grounds for refusal should be stated succinctly in the record. Moreover, a defendant shall be presumed competent unless the issue is raised before or during a probation revocation hearing and there is demonstrated a substantial basis for the suggestion of incompetency.

It is clear from the record that a hearing was conducted and that defendant was present and was apprised of the grounds upon which his probation was being revoked. However, defendant had the assistance of counsel, and the record clearly shows that defendant in this case did not at any time during the proceedings raise the issue of his competency to participate in and to understand the proceedings and their result. Furthermore, the evidence of defendant's probation revocation was uncontroverted, and the transcript indicates that the defendant was able to follow the dialogue during the hearing and was cognizant of the reasons for his arrest and subsequent probation violation. Moreover, the defendant not only participated in the proceedings but, at one point, informed his counsel as to the nature of the offense which precipitated the parole revocation hearing and the fact that a public defender had previously represented him.

Consequently, although due process requires that, when requested, a competency hearing may be held in the sound discretion of the trial court, defendant did not request a competency hearing and the record reflects no evidence suggesting that it was not within the sound discretion of the trial court not to conduct one. Accordingly, defendant's first assignment of error is overruled.

Defendant, in his second assignment of error, contends that the trial

court erred in revoking probation and ordering a sentence greater than the one originally imposed because defendant's violations were a result of defendant's mental illness. Defendant asserts that the basis of his probation violations was the continued harassment of a female deputy in the Franklin County Sheriff's Department, which was a direct result of defendant's mental illness, and that evidence regarding defendant's sanity at the time of the commission of the crime should have been requested by the trial court prior to revocation of his parole.

The affirmative defense of insanity was available to defendant on his conviction for menacing. Under R.C. 2943.03(A) and Crim. R. 11(A), a defendant may plead not guilty by reason of insanity, and, under R.C. 2945.39, the court may order an evaluation of the defendant's mental condition. Crim. R. 11(H) requires that the defense of insanity must be pleaded at the time of arraignment except that the court for good cause shown shall permit such a plea to be entered at any time before trial. The defendant did not raise insanity as a defense at the time of his conviction for menacing.

The Ohio Legislature has given the courts guidance as to what factors the court is to consider when determining probation and under what conditions probation must be imposed. R.C. 2951.02(C) states that, when an offender is placed on probation, probation shall be at least on condition that, during the period of probation, defendant shall abide by the law and not leave the state without the permission of the court. In the interest of justice, rehabilitating the offender and assuring his good behavior, the court may impose additional requirements. Additionally, R.C. 2951.02(B) lists, among others, as those factors that the court considers in favor of placing a defendant on probation: (1) the likelihood that an offender will respond affirmatively to probationary treatment; and (2) the likelihood that the defendant will not commit another offense. In other words, probation is recommended when it is an advantage to the rehabilitation of the defendant and at the same time offers reasonably continual protection to society.

States are divided as to whether insanity at the time of the commission of an act which was the cause of the revocation of parole should be a defense to parole revocation. Defendant contends that, if a probationer is not criminally responsible for an act, that act cannot be used as a basis to revoke his probation. If the act is beyond defendant's control, probation should not be revoked. In so contending, defendant cites *Bearden* v. *Georgia* (1983), 461 U.S. 660, wherein the United States Supreme Court held that a sentencing court cannot properly revoke a defendant's probation for failure to pay a fine and make restitution, absent evidence and findings that he was somehow responsible for the failure or that alternative forms of punishment were inadequate to meet the state's interest in punishment and deterrence. Defendant's reliance upon *Bearden* is misguided, for the United States Supreme Court, in fn. 9, at 668, stated:

"We do not suggest that, in other contexts, the probationer's lack of fault in violating a term of probation would necessarily prevent a court from revoking probation. For instance, it may indeed be reckless for a court to permit a person convicted of driving while intoxicated to remain on probation once it becomes evident that efforts at controlling his chronic drunken driving have failed. * * * Ultimately, it must be remembered that the sentence was not imposed for a circumstance beyond the probationer's control 'but because he had committed a crime.' * * * In contrast to a condition like

chronic drunken driving, however, the condition at issue here — indigency — is itself no threat to the safety or welfare of society."

Moreover, the United States Supreme Court in *Bearden, supra,* at 670, recognized that a decision to place the defendant on probation reflects a determination by the sentencing court that the state's penological interests do not require imprisonment and a probationer's failure may indicate that this original determination needs to be re-evaluated. In other words, if the condition of the defendant which led to the commission of an act which is in violation of probation (arguably insanity in this case) is a threat to the safety or welfare of society, then the sentencing court may revoke probation even though that condition of defendant is one over which he has no control.

Plaintiff asserts that the reasoning in *Knight* v. *Estelle* (C.A. 5, 1974), 501 F. 2d 963, wherein a parole was revoked after the parolee was found not guilty by means of insanity and incompetent to stand trial for the crime which was the cause for the revocation of parole, should be followed by this court. The court in *Knight, supra,* at 964, states that a revocation hearing is not a criminal proceeding and its purpose is "not to assess guilt or to assign blameworthy acts to the various discrete pigeonholes of the criminal laws." At this stage of the matter, the interests and safety of society must be first consulted, and if the parolee (or probationer in this case) has committed an act in violation of parole, the attempt to reintegrate him into society has obviously failed and the present effort to do so must be adandoned in favor of a more stringent form of custody. As stated in *Knight* at 964-965:

"* * * Whether the act which made the failure apparent was culpable or punishable is no concern of the revocation authority, which does not sit to punish. Its concern is whether the law has been obeyed, not whether it has been culpably broken. And thus it is that the same act at variance with the law may, for a variety of reasons, be the occasion of both a successful criminal defense and a parole revocation."

In other words, a court considering parole revocation need only consider whether or not the act was committed and may, with fundamental fairness, revoke parole for acts committed while the parolee is insane.

Adopting the reasoning of *Knight, supra,* and *Bearden, supra,* this court holds that insanity is not a complete defense in a probation revocation hearing but is a mitigating factor which a court should consider when the issue is timely raised. Applied to the facts of this case, the court finds that it was not error for the trial court to revoke probation inasmuch as: (1) the defendant was not found to be innocent by reason of insanity for the crime which was the occasion for his probation violation; (2) the issue of insanity was not raised during the probation revocation hearing; and (3) the court, according to the record, considered defendant's mental condition as a factor before imposing sentence with instructions to treat defendant's mental problem. Accordingly, defendant's second assignment of error is overruled.

For the foregoing reasons, defendant's first and second assignments of error are overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and BRYANT, JJ., concur.