OPINION
This appeal arises from the judgment entry of the trial court revoking Appellant's probation and reinstating the sentence for his conviction on a charge of felonious assault. For the following reasons, we affirm the judgment of the trial court.
On February 4, 1997, Appellant, Jason M. Monac, pled guilty to one count of felonious assault in violation of R.C. § 2903.11
(A) (1). As part of a plea agreement, a firearm specification was dropped. Following a pre-sentence investigation, On May 29, 1997, the trial court sentenced Appellant to an indefinite term of imprisonment of three to fifteen years. Upon Appellant's motion, he was granted shock probation on January 6, 1998. Appellant was placed on five year's supervised probation with numerous conditions, including a mandate that he could not, "purchase, own, possess or carry firearms or weapons of any kind."
On January 5, 1999, Officer Kevin Shulas, Appellant's supervising probation officer, and Detective John T. Panezott of the Columbiana County Drug Task Force found two firearms while conducting a consensual search of Appellant's home. Also on January 5, Appellant made a voluntary statement explaining why the handguns were in his home. On January 7, 1999, the Columbiana County Prosecutor filed a motion for Appellant to show cause why a probation revocation hearing should not be held. On January 20, 1999, Appellant stipulated that probable cause existed for a hearing to revoke his probation which the trial court scheduled for February 12, 1999.
At the revocation hearing, the state presented the testimony of officers Shulas and Panezott as well as Appellant's voluntary statement. By a judgment entry filed on February 16, 1999, the trial court found that Appellant violated the terms and conditions of his probation and it was revoked. The trial court reinstated the term of imprisonment imposed on May 29, 1997, with a credit of 395 days for jail time previously served.
On March 9, 1999, Appellant filed his notice of appeal. His sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT POSSESSED A WEAPON IN VIOLATION OF HIS PROBATION."
Appellant argues that the state failed to presemt sufficient proof that he violated the terms and conditions of his probation by possessing firearms. He contends that there was no evidence that he was in actual possession and little evidence that he was in constructive possession of the firearms. Appellant further argues that the decision to revoke his probation should be reversed as he did not understand the terms of his probation. Appellant states that he believed there would be no violation unless he actually fired the weapons. Based on the record before us, this assignment of error lacks merit.
Appellant essentially argues that the trial court's finding of a probation violation was against the manifest weight of the evidence. We have recently undertaken a review of the weight of the evidence in a probation revocation hearing in State v. Aaron
(April 30, 1998), Mahoning App. No. 95 C.A. 150, unreported. In it, we applied the analysis appropriate for a manifest weight argument in a criminal context:
 "* * * When faced with a manifest weight of the evidence argument, * * *" the reviewing court "* * * engage[s] in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt."
State v. Aaron, *2, quoting State v. Elliott (1995), 104 Ohio App.3d 812,816, citing State v. Martin (1983), 20 Ohio App.3d 172,175.
 "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis sic.)
State v. Aaron, *2, quoting State v. Thompkins (1997), 78 Ohio St.3d 380,387.
The trial court need not find evidence of a probation violation beyond a reasonable doubt; there must, however, be substantial evidence of a violation. State v. Mingua (1974), 42 Ohio App.2d 35, paragraph two of the syllabus. If there is substantial evidence of a violation, it is within the court's discretion to revoke probation. R.C. § 2951.09; Columbus v. Bickel (1991)77 Ohio App.3d 26, 38; State v. McKnight (1983), 10 Ohio App.3d 312,313. The question is not whether the probationer's conduct amounts to criminal culpability. Barnett v. Ohio Adult ParoleAuthority (1998), 81 Ohio St.3d 385, 386. The concern is merely whether an act was committed. State v. Qualls (1988), 50 Ohio App.3d 56,60.
In the present case, the trial court's journal entry filed on January 6, 1998, indicates that as a condition of his probation, Appellant was not to, "* * * purchase, own, possess or carry firearms or weapons of any kind." At the hearing, Officer Shulas testified that Appellant gave him consent to search his home when Shulas was investigating a complaint that Appellant was in possession of firearms and cocaine. (Tr. pp. 5-6.) Shulas further testified that during the search, officers found a 9mm handgun and a .380 ACP handgun in Appellant's dresser drawer. (Tr. p. 7.)
Detective Panezott testified at the hearing that the handguns were recovered from the dresser. (Tr. pp. 13-16.) Detective Panezott also authenticated a statement which Appellant gave following the discovery of the firearms. (Tr. pp. 16-17.) Panezott testified that prior to giving the statement, officers read Miranda rights to Appellant and that Appellant signed a waiver of them. (Tr. pp. 17-18.) The trial court admitted Appellant's statement into evidence. (Tr. p. 19.)
In his statement, Appellant admitted that:
 "* * * I had been caught with two guns in my house I had never fired them and they were never loaded, I feared for my Life and never though (sic) I would get in trouble for having them in my house, I never carried them at any time * * * I never really took it seriously about having the guns in my [house] for a life threatening situation * * *"
Appellant further admitted that he obtained the firearms from his cousin and that he had them for three days. Moreover, when asked if he knew that he was not permitted to possess firearms, Appellant stated, "Yes."
When finding a probation violation, the trial court stated that the testimonial evidence, "* * * coupled with [Appellant's] statements, indicate to this Court that he was the person that possessed and owned those handguns." (Tr. p. 33.) We agree with the conclusion of the trial court. The evidence presented at trial is substantial proof that Appellant purchased, owned, possessed or carried firearms in violation of the terms of his probation.
The crux of Appellant's argument on appeal is the meaning of the term "possession." His focus in this regard is misplaced. The probation condition in question was not limited to, "possession," but also included a prohibition against owning a firearm. Evidence that the firearms were found in Appellant's home and his statement that he obtained them from his cousin are substantial evidence of ownership. With respect to Appellant's statement that he feared for his life, it is obvious that Appellant is stating that he obtained the weapons for his protection. Not only does such a statement indicate ownership and possession, it also implicates his inclination to use them. Prevention of use is the obvious goal of enjoining a probationer's affiliation with firearms, especially if a firearm was used to commit the crime predicate to the probation.
We are not persuaded by Appellant's argument that he did not understand the terms of his probation with respect to the prohibition of firearms. The facts presented do not support Appellant's conclusion as he admitted in his statement that he understood he was not permitted to possess firearms. Moreover, the conditions and terms of Appellant's probation are unambiguous; Appellant is not permitted to purchase, own, possess or carry firearms or weapons of any kind. It is unfathomable that anyone could glean from those prohibitions an exception that he may maintain a weapon for self defense purposes or that a violation would occur only upon the firing of the weapons.
Concluding that the state presented substantial evidence of a probation violation, it follows that the trial court was well within its discretion to revoke Appellant's probation. We therefore overrule Appellant's assignment of error and affirm the judgment of the trial court.
Cox, P.J., concurs, Donofrio, J., concurs.
 ______________________ CHERYL L. WAITE, JUDGE