This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Michael Anthony (hereinafter "Anthony"), appeals the trial court's decision to terminate Anthony's probation and sentenced him to four years in prison with credit for time served. For the following reasons, we reverse the trial court's decision in part and remand for re-sentencing.
On September 23, 1998, Anthony was charged with Rape, a violation of R.C. § 2907.02(A)(1)(b), a felony of the first degree. Subsequently, on August 20, 1999, Anthony pled guilty to Gross Sexual Imposition, a violation of R.C. § 2907.05(A)(4), a felony of the third degree.
In his pre-sentence evaluation, Dr. Stanley Palumbo recommended Anthony be placed in a residential program at Alvis House in Columbus, Ohio and not be allowed to have contact with minors. On December 3, 1999, the trial court sentenced Anthony to four years community control, including a ninety day term of incarceration in the Columbiana County Jail and continued detention in jail until he could be placed in Alvis House.
On May 19, 2000, the trial court altered Anthony's community control. This included six months at the Eastern Ohio Corrections Center and, upon his release, he was "sentenced to an appropriate residential sex offender facility or half way house subject to the approval of this Court." Upon his release from the Eastern Ohio Corrections Facility, Anthony was placed in a sex offender program run by the Volunteers of America, North Central Ohio Residential Program in Mansfield, Ohio.
While at the Volunteers of America program Anthony's case manager was Jennifer Stephens (hereinafter "Stephens") and one of the residential specialists was Angela Hewlett (hereinafter "Hewlett"). Hewlett was told by Anthony's roommate that Anthony had made certain sexually inappropriate and threatening comments about Hewlett. Hewlett reported this to Stephens who filled out an incident report. Stephens confronted Anthony about the offensive statements which he admitted making, but denied intending to act upon them. Stephens informed him the statements were inappropriate, and as a result decided to terminate his placement with Volunteers of America.
Anthony was arrested on January 16, 2001, for violating his probation. The trial court held a hearing on February 23, 2001, at which Stephens, Hewlett and Anthony testified. Anthony admitted once again to making the comments, but denied any intention to engage in any inappropriate sexual conduct with Hewlett.
In its February 26, 2001 Judgment Entry, the trial court found Anthony violated Term Eight of his community control, which required Anthony to:
 "[s]ubmit to evaluation and treatment for alcohol abuse, drug abuse or mental health problems and complete such treatment either immediately or as directed at a later date by the Probation Department and authorize release of such information to the Adult Probation Department."
The court then sentenced Anthony to serve a term of four years in a state corrections facility with credit for time served.
In his assignments of error, Anthony argues:
 "The trial court erred in finding that Appellant had violated the terms of his community control.
 "The trial court erred in not sentencing Appellant to the minimum sentence. (11/19/00 JE p. 2)"
We reverse the trial court's decision in part and remand for re-sentencing because we conclude the trial court did not make the findings of fact necessary under R.C. § 2929.14(B) in order to sentence Anthony to more than the minimum sentence
In his first assignment of error, Anthony's argues he did not have themens rea necessary to have his community control terminated due to the violation. When a trial court is "sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the trial court may impose community control sanctions" upon the offender. R.C. §2929.15(A)(1). "If the conditions of a community control sanction are violated * * *, the sentencing court * * * may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code." R.C. § 2929.15(B). On its face, R.C. § 2929.15(B) does not provide for any level of culpability on behalf of the offender before the court imposes a prison term upon the offender for violating the conditions of community control. Furthermore, although R.C. § 2901.21 allows a court to read a level of culpability into an offense, it is improper to do so in this case. A violation of the terms of community control is not itself an offense because an offender is not subject to new penalties for violating those sanctions. The offender is merely sentenced for the underlying offense. It is, in effect, a re-sentencing. See Gagnon v.Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (probation revocation is not a stage in a criminal prosecution). Therefore, the Ohio Revised Code does not require a court find an offender had a specific level of culpability before it sentences that offender to a prison term pursuant to R.C. § 2929.15(B).
Furthermore, due process does not require a mens rea for every type of offense.
 "[W]here an offense is defined without a formal element of intent, and where the offense involves conduct for which one would not ordinarily be blamed, the Court might well find that a defendant could not be convicted of the offense without violating the Due Process Clause. * * * [W]here a criminal statute prohibits and punishes seemingly innocent or innocuous conduct that does not in itself furnish grounds to allow the presumption that defendant knew his actions must be wrongful. Conviction without some other, extraneous proof of blameworthiness or culpable mental state is forbidden by the Due Process Clause. On the other hand, where a criminal statute prohibits and punishes conduct not innocent or innocuous in itself, the criminal intent element may be dispensed with if the criminal statute is designed for the protection of public health and safety and if it has no common law background that included a particular criminal intent." (Footnote omitted) Stanley v. Turner
(C.A.6, 1993), 6 F.3d 399, 404.
The revocation of probation
 "* * * does not deprive an individual of the absolute right of liberty to which every citizen is entitled, but only a conditional right of liberty properly dependent on the observance of special restrictions. Thus, the full panoply of due process rights is not available, but minimal due process requirements must be recognized." State v. Qualls (1988), 50 Ohio App.3d 56, 58.
Anthony's basic argument is that the terms of his community control did not give him notice of what conduct would be sanctionable. However, all due process requires is a criminal statute "give sufficient warning that men may conduct themselves so as to avoid that which is forbidden." Statev. Earlenbaugh (1985), 18 Ohio St.3d 19, 21 quoting Rose v. Locke
(1975), 423 U.S. 48, 50, 96 S.Ct. 243, 244. As Qualls and Gagnon point out, due process cannot require more of the terms of probation. Anthony knew he had to obey the terms of the community control or risk serving up to five years in prison. He knew a requirement of that community control was to complete his rehabilitation. This is "sufficient warning" for Anthony to conduct himself appropriately. Therefore, the trial court did not violate Anthony's due process rights when it sentenced him pursuant to R.C. § 2929.15(B) without finding Anthony had a specific level of culpability. Anthony's first assignment of error is meritless.
Anthony's second assignment of error asserts the trial court did not make the findings of fact required by statute in order to sentence him to more than the minimum sentence. Once a court finds an offender has violated the terms of community control, the court
 "* * * may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of section 2929.19 of the Revised Code. The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed." R.C. § 2929.15(B).
When a court sentences an offender to a prison term for a felony
 "* * * and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * *, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. § 2929.14(B).
When sentencing an offender pursuant to R.C. § 2929.14, the trial court is not required to give an explanation for its finding. Rather, the trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Statev. Edmonson (1999), 86 Ohio St.3d 324, 326.
Anthony was convicted of a felony in the third degree, punishable from one to five years in prison. The trial court sentenced him to a term of four years with credit for time served. The record does not reflect whether Anthony had previously served a prison sentence or that the trial court engaged in the analysis required by R.C. § 2929.14(B). Therefore, it is reversible error for the trial court to sentence him to more than the minimum term without making the findings required by R.C. § 2929.14(B). Anthony's second assignment of error is meritorious.
For the forgoing reasons, we find Anthony's first assignment of error to be meritless. Because we find his second assignment of error to be meritorious, we reverse in part the trial court's decision and remand this case for re-sentencing.
Vukovich, P.J., Concurs.
Waite, J., Concurs.