OPINION
{¶ 1} Defendant-Appellant, Adam Z. Johnson, appeals a judgment of the Montgomery County Common Pleas Court finding him to be in violation of the terms of his community *Page 2 
control and sentencing him to three years of incarceration. Johnson asserts that the trial court abused its discretion in ruling that he violated his community control because his failure to complete the treatment program prescribed was due to his mental health issues. Because we determine that the trial court appropriately considered Johnson's mental health issues, we affirm the judgment.
 {¶ 2} On January 24, 2007, Johnson was convicted of attempted burglary and having a weapon while under disability, and he was sentenced to five years of community control. As a part of his community control sentence, he was required to undergo treatment for his substance abuse problems at a residential treatment facility.
 {¶ 3} Placement into treatment was complicated because Johnson had previously been terminated from a treatment program for bringing a weapon and ammunition into the facility. He was considered "high risk" by the probation department, and his community control in this case included intensive supervision, with a "no breaks" provision, because of his history.
 {¶ 4} Johnson's probation officer intended to place Johnson into Nova House; however, they had an eight to ten week waiting list, and Johnson would have had to remain incarcerated in the Montgomery County Jail pending his admission. Alternatively, the probation officer placed Johnson at Southwest Ohio Serenity Hall ("SOS"), where he could be placed immediately. Johnson accepted this placement.
 {¶ 5} Upon arrival at SOS, on March 26, 2007, Johnson went over the rules with his primary counselor and signed a treatment contract agreeing to abide by these rules. Between April 3, 2007 and his termination on May 8, 2007, Johnson had numerous incidents of disturbing behavior and violations of the rules. Upon his termination, Johnson's probation *Page 3 
officer picked him up from the SOS facility, placed him under arrest for violating his community control sentence, and returned him to the Montgomery County Jail. Johnson's discharge papers form SOS indicated that he was terminated for being "problematic;" meaning that he was "[n]on-compliant with treatment." And at the violation hearing, Johnson's counselor testified that he was given a medical discharge "due to resistance."
 {¶ 6} The trial court conducted a hearing on the community control violation on July 2, 2007. At the conclusion of this hearing, the trial judge stated that he was not prepared to make a decision, and he continued the hearing. On July 11, the hearing was reconvened. At the commencement of this hearing, the trial judge indicated on the record that he was concerned about the testimony of Johnson's primary counselor from SOS, where she indicated that his termination was due to medical or psychiatric reasons. The court announced its decision that Johnson had violated his community control because of his failure to successfully complete the drug and alcohol treatment; however, before sentencing, the judge requested the probation department to report whether there was any further treatment options available for Johnson, and the hearing was again continued.
 {¶ 7} On July 13, the hearing was again reconvened. At this hearing, the judge reiterated his finding that Johnson was guilty of violating his community control sentence, and he ordered Johnson to undergo a Crisis Care Evaluation in an attempt to find some other treatment option. The hearing was again continued. On July 27, 2007, the hearing was reconvened for the final time; the court told Johnson that there did not appear to be any treatment options due to his past history of violence, and he sentenced Johnson to three years of imprisonment. *Page 4 
 {¶ 8} It is from this judgment that Johnson appeals, setting forth a single assignment of error for our review.
 "Assignment of Error {¶ 9} "The trial court abused its discretion when finding that the Defendant-Appellant violated the terms and condition (sic) of his community control sanctions."
 {¶ 10} In this assignment of error, Johnson argues that the trial court erred in revoking his community control sentence because he was "unable to complete treatment because of certain mental health issues." Johnson claims that his termination was because of his placement into a facility that was not equipped to deal with his mental health problems.
 {¶ 11} "The right of the defendant to continue on probation rests within the sound discretion of the court." State v. Scott (1982),6 Ohio App.3d 39, 41, 452 N.E.2d 517. Therefore, we review the trial court's decision for abuse of discretion, which "implies an unreasonable, arbitrary, unconscionable attitude on the part of the trial court."State v. Richardson, Montgomery App. No. 21113, 2006-Ohio-4015, at ¶ 36. A decision is unreasonable and, therefore, an abuse of discretion if no sound reasoning process supports the decision. State v.Picklesimer, Greene App. No. 06-CA-118, 2007-Ohio-5758, at ¶ 28, citingAAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
 {¶ 12} The Tenth District Court of Appeals has held that "insanity is not a complete defense in a probation revocation hearing but is a mitigating factor which a court should consider when the issue is timely raised." State v. Qualls (1988), 50 Ohio App.3d 56, 60, 552 N.E.2d 957. In Qualls, the defendant argued that his probation should not be revoked based *Page 5 
upon an act that was beyond his control due to mental illness.
 {¶ 13} In Johnson's case, there has been an undercurrent of mental health issues that supposedly are a part Johnson's behaviors. After his conviction of the underlying offense, but prior to sentencing, the trial court commissioned a forensic psychological evaluation of Johnson. That report told the court that Johnson was a poor candidate for community control treatment, stating: "Mr. Johnson has acted out against others to satisfy his immediate needs over an extended period of time and he has tried to portray himself as psychologically disturbed and in need of treatment. He has demonstrated poor compliance with past treatment efforts and has considered some past treatment programs to be a joke for him."
 {¶ 14} At the violation hearing, while Johnson's primary counselor testified that participants in the SOS program are not supposed to have any mental health issues, Johnson's probation officer testified that SOS accepts and treats people with mental conditions along with their substance abuse problems, and that over her nine and one half years experience, she has "referred multiple individuals with mental health and substance abuse issues to S.O.S. Hall who have performed successfully and completed the program."
 {¶ 15} At the July 11 hearing, where the trial court announced its decision on the violation, the judge went into a lengthy monologue about Johnson's mental health claims stating that the issue he struggled with was whether, based upon the counselor's comment, there was some inability to complete the program due to depression. The trial judge stated "that comment was not made by anyone who was — had the ability to come to any type of medical diagnosis or psychiatric diagnosis regarding any condition that you may have. I know from the past in dealing with you * * * there has always been some indication of some — of some mental *Page 6 
difficulty, but there is no indication from the record * * * to suggest that you have a — a — a — that any depression that you have is to the point that you cannot deal with and [g]o about the daily chores of living. And there is nothing in the record to suggest that there is anything about your mental condition that would prevent you from doing those things which were necessary for you to succ — to successfully complete the ordered drug and alcohol treatment."
 {¶ 16} Based upon the foregoing, we conclude that the trial court did not abuse its discretion in revoking Johnson's community control sentence since the trial court clearly considered Johnson's mental condition as a factor before concluding that he violated the terms and conditions by failing to successfully complete the SOS treatment.
 {¶ 17} Accordingly, Johnson's assignment of error is overruled, and the judgment appealed from is affirmed.
FAIN, J. and GRADY, J., concur
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Kirsten A. Brandt
Antony A. Abboud
 Hon. Michael Tucker *Page 1