[Cite as *State v. Ferguson*, 2025-Ohio-4416.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 25CA7 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| v. | : | |
| Dusty L. Ferguson, | : | **RELEASED 9/17/2025** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Christopher Pagan, Middletown, Ohio, for appellant.

Kelsey R. Riffle, Assistant Washington County Prosecutor, Marietta, Ohio, for appellee.
_____

Hess, J.

**{¶1}** Dusty L. Ferguson appeals the judgment of the Washington County Court of Common Pleas revoking his community control and imposing a 12-month prison term. Ferguson contends that his sentence was incorrectly characterized by the trial court as a jointly recommended sentence when it was not and is contrary to law because he was sentenced to a prison term and given a community control sanction. The State concedes these two sentencing errors. Ferguson also contends that the trial court was required to develop evidence around his intellectual and mental disabilities because there was a substantial basis for the suggestion that Ferguson was incompetent. The State opposes this contention and argues that there was not a substantial basis because Ferguson's

counsel stated that she did not believe he was incompetent and never requested a competency evaluation.

{¶2} We find that the trial court erred in finding that the sentence was a jointly recommended sentence and imposing both a prison term and a community control sanction. We sustain his first assignment of error on those grounds. We find that the trial court did not err in not developing evidence concerning Ferguson's competency. We vacate the community control sanction and remand for a new sentencing hearing to correct the sentencing entry accordingly.

## I. FACTS AND PROCEDURAL HISTORY

{¶3} In May 2023, a Washington County grand jury indicted Ferguson of one count of failing to appear in violation of R.C. 2937.99(A) and (B). Ferguson pleaded not guilty. He then filed a motion for a hearing on intervention in lieu of conviction pursuant to R.C. 2951.041 on the grounds that drug addiction was a factor in his criminal activity and drug rehabilitation would substantially reduce the likelihood he would engage in additional criminal activity. The trial court granted the motion, held a change of plea hearing, Ferguson pleaded guilty, and the trial court sentenced Ferguson to community control for five years beginning July 10, 2023.

{¶4} In October 2024, the probation officer for Washington County filed a complaint against Ferguson alleging that he had violated community control by failing to report to the probation department for his appointment and random drug testing as scheduled on June 10, 2024. The violation hearing was held in February 2025.

{¶5} At the hearing Ferguson admitted and stipulated that there was a factual basis for the violation. The State asked the trial court to impose prison time because the

probation department had "worked diligently" to get Ferguson to appear because they understood "his delays." The probation department would send employees to Ferguson's house, track him down, and give him more time, "but he wouldn't come when he was ordered." It was later discovered he was living outside of Washington County. The State argued that Ferguson "was given a lot more opportunity and leeway than other probationers without those same issues would have had." As a result, the State argued that Ferguson was not amenable to community control and asked the trial court to impose an 18-month prison term that was previously reserved if Ferguson violated community control.

{¶6} Ferguson's attorney stated that Ferguson was "low-functioning. His mother indicated to me that he is MRDD. He's indicated to me he's schizophrenic, bipolar, has depression. I'm not sure he completely – I'm not saying he's incompetent. But I think you have to be very direct with him." Ferguson's attorney stated that Ferguson had paid off his fines and mistakenly believed that he was done with probation when he took care of the fines. Ferguson's attorney asked the trial court to give Ferguson another "shot" at community control. "Give him some local time. Give him another chance to try probation."

{¶7} The trial court inquired about Ferguson's status as "MRDD" and asked Ferguson's attorney whether she had "something that shows he's mentally retarded or something?" Ferguson's attorney said that she did not but, "in talking with him, I know I had to be very frank and very specific on the way I was talking to him, to understand exactly what – so he understood what was going on." Ferguson's mother testified that Ferguson was "diagnosed M.M.R. . . . Mild Mentally Retarded" with a bipolar disorder. His

mother also testified that she believed that after her son paid off his fines, he was no longer on probation and could reside with and care for his aunt with Lyme disease.

**{¶8}** The trial court revoked Ferguson's community control, imposed a 12-month prison term, and ordered Ferguson not to ingest or be ingested with a drug of abuse and submit to random drug testing. The judgment entry stated that it was a jointly recommended sentence.

## II.  ASSIGNMENT OF ERROR

**{¶9}** Ferguson presents the following assignment of error:

1. The trial court imposed a contrary-to-law sentence and its journalized findings conflicted with events form [sic] the revocation hearing.

## III.  LEGAL ANALYSIS

### A. Sentencing Errors

**{¶10}** The parties agree that the trial court erred when it stated in the judgment entry, "The parties jointly recommended a sentence to the Court." The record shows that the sentence was not agreed to but rather was contested and argued at the hearing. The parties also agree that the trial court erred when it sentenced Ferguson to both a 12-month prison term and a community control sanction when it ordered Ferguson to refrain from using drugs of abuse and to submit to random drug testing.

**{¶11}** "Judges have no inherent power to create sentences.  Rather, judges are duty-bound to apply sentencing laws as they are written." (Citations omitted.) *State v. Anderson*, 2015-Ohio-2089, ¶ 10. All criminal offenses have been codified and "the only sentence which a trial judge may impose is that provided by statute." *Id.* at ¶ 12. Current felony statutes allow a trial court to impose either a prison term or a community control

sanction, but not both. *Id.* at ¶ 31 ("we hold that as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions"). The prohibition against ingesting drugs of abuse and the imposition of random drug testing are examples of community control sanctions under R.C. 2929.15(A)(1). Because the trial court improperly sentenced Ferguson to a prison term and a community control sanction (i.e., the drug use/random testing order), we sustain the first and sole assignment of error and remand the case to vacate the drug use and testing order. *State v. Paul*, 2025-Ohio-2088, ¶ 22-23 (4th Dist.); *State v. Nickell*, 2025-Ohio-1232, ¶ 112-115 (4th Dist.).

**{¶12}** As part of this first assignment of error, Ferguson also argues that the trial court "failed to develop evidence around Ferguson's intellectual disability and mental illnesses to comply with the *Qualls* rule." Ferguson cites *State v. Howard*, 2025-Ohio-1220 (4th Dist.) as support.  In *Howard*, we summarized the holding in *Qualls,* which discussed due process rights at revocation hearings:

> [T]he effectiveness of these due process rights "may be rendered null if the defendant is not competent to understand and to participate in or to assist counsel in participating in the proceedings." *Qualls* at 58, 552 N.E.2d 957. Therefore, the question of defendant's competency may be raised and "the decision whether to hold such hearing must be made on a case-by-case basis." *Id*. "[A] defendant shall be presumed competent unless the issue is raised before or during a probation revocation hearing and there is demonstrated a substantial basis for the suggestion of incompetency." *Id*.; *State v. Holman*, 2014-Ohio-3908, ¶ 8, 2014 WL 4460347 (8th Dist.) ("in a probation hearing, a defendant has a due process right to a competency hearing when there is a substantial basis for the suggestion that appellant is incompetent").

*Howard* at ¶ 14.

{¶13} We reviewed Ohio cases and identified several factors to be considered when reviewing whether a trial court abused its discretion in not ordering a competency evaluation prior to a final revocation hearing:

> These cases demonstrate that when determining whether there was a "substantial basis" for a competency evaluation, appellate courts consider a number of factors including: (1) whether the defendant requested a competency evaluation prior to the final revocation hearing; (2) the strength of the State's evidence of a probation violation; (3) the danger the defendant poses to society as evidenced by the probation violation; (4) witnesses' statements concerning the defendant's competency; (5) the presence or lack thereof of prior competency determinations; (6) the trial court's colloquy with the defendant; and (7) the defendant's ability to understand and participate in the proceedings. Even where a substantial basis for a competency evaluation exists and one is ordered by the trial court, a defendant's incompetency is a "mitigating factor" and not a "complete defense" in determining whether to terminate community control or probation. *Qualls, supra; Bell, supra*.

*Howard* at ¶ 24.

{¶14} Here we find that there was no basis for a competency evaluation. Ferguson's attorney did not request a competency evaluation prior to the hearing or during it. To the contrary, she informed the trial court that she did not believe he was incompetent. Her representations were that Ferguson was low-functioning mentally and needed direct, specific, and frank direction to understand the proceedings. Additionally, there was nothing in Ferguson's mother's testimony that suggested her son was incompetent. She testified that Ferguson was diagnosed as "mild mentally retarded" and bipolar, but she did not testify that he was unable to understand the proceedings. Ferguson's competency was never at issue at any time during the proceedings and he had no prior determination of incompetence. Ferguson's statements at the hearing gave no indication he was incompetent. There was simply nothing in the record to suggest that Ferguson was not competent to understand and to participate in or to assist counsel in

participating in the proceedings.  We find no merit to this argument and find that it provides no basis to vacate the sentence.

## IV.  CONCLUSION

{¶15}  We sustain Ferguson's sole assignment of error. The judgment is vacated in part and the cause is remanded to the trial court to conduct a new sentencing hearing to correct the errors in the sentencing entry that found that the sentence was jointly recommended and that ordered Ferguson to refrain from drugs of abuse and to engage in drug testing.

JUDGMENT VACATED IN PART AND MATTER REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS VACATED IN PART AND MATTER REMANDED and that appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**