OPINION
{¶ 1} Defendant-appellant Rockwell S. Brank appeals the revocation of his community control sanction in the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 5, 2004, appellant was placed under community control sanctions following a conviction for gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third degree felony, for having sexual contact with his six year-old grandson. As a term of his community control, appellant was to have no contact with children under the age of eighteen years during the five year term of his community control sanction. The trial court declared appellant a sexually oriented offender.
 {¶ 3} On August 31, 2006, the State moved for revocation of appellant's community control following a violation in which appellant approached a three year-old child. The evidence presented at the hearing in this matter demonstrated: On May 4, 2006, Ella Murphy was outside on her porch with her grandchild waiting for the child's school bus to arrive. As she sat on the porch the phone rang, and she went into the house for approximately 30 seconds. While in the house, she heard the child talking about taking a walk. When she returned outside, the child was talking to appellant approximately thirty-five feet from the house. Murphy asked the child what he was doing, and he replied "this man is taking me for a walk." Appellant lived four houses up on the opposite side of the street.
 {¶ 4} Via Judgment Entry of August 31, 2006, the trial court revoked appellant's community control sanction. *Page 3 
 {¶ 5} Appellant now appeals, assigning as error:
 {¶ 6} "I. THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT THE REVOCATION HEARING TO PROVE AN INTENTIONAL VIOLATION OF THE TERMS OF THE ACCUSED'S PROBATION.
 {¶ 7} "II. THERE WAS INSUFFICIENT EVIDENCE PRESENTED AT THE REVOCATION HEARING TO SHOW A VIOLATION OF PROBATION.
 {¶ 8} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT ORDERING A COMPETENCY EVALUATION OF MR. BRANK PRIOR TO THE REVOCATION HEARING. THUS VIOLATING THE ACCUSED'S RIGHTS UNDER THE FOURTEENTH AMENDMENT AND ARTICLE 1, SECTION 16 OF THE OHIO CONSITUTION."
 I, II {¶ 9} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 10} Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt. State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing State v. Hylton (1991),75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the prosecution must present "substantial" proof that a defendant violated the terms of her community control sanctions. Id., citing Hylton at 782, 600 N.E.2d 821. Accordingly, we apply the "some competent, credible evidence" standard set forth in CE. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, to determine whether a court's finding that a defendant violated the terms of her community control sanction is supported by the *Page 4 
evidence. See State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45; State v. Puckett (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of the evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M.
 {¶ 11} Once a court finds that a defendant violated the terms of her community control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. Columbus v. Bickel (1991), 77 Ohio App.3d 26, 38,601 N.E.2d 61. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Maurer (1984), 15 Ohio St.3d 239,253, 473 N.E.2d 768.
 {¶ 12} Appellant asserts there was insufficient evidence presented to support the trial court's revocation of his community control.
 {¶ 13} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed to us through the written record, Miller v. Miller (1988), 37 Ohio St.3d 71.
 {¶ 14} Upon review of the record, the evidence presented at the revocation hearing demonstrates appellant had contact with a three year-old child. Ella Murphy testified she was sitting on the front porch with her grandson, and left to answer the phone. While in her house, she heard her grandson talking with someone, and when *Page 5 
she returned to the porch, her grandson was standing near the street, approximately thirty-five feet from the house, with appellant.
 {¶ 15} Based upon the above, we find there was sufficient evidence appellant violated the terms of his community control, and the trial court did not abuse its discretion in it's decision to revoke appellant's community control sanction.
 {¶ 16} Appellant further argues the terms of his community control were overbroad and unconstitutional.
 {¶ 17} Community control sanctions must be reasonably related to the statutory ends of community control and must not be overbroad. State v.Talty (2004), 103 Ohio St.3d 177. In Talty, the Ohio Supreme Court set forth a test for determining whether a condition reasonably relates to the three probationary goals:
 {¶ 18} "R.C. 2929.15(A)(1) governs the authority of the trial court to impose conditions of community control. That section provides that when sentencing an offender for a felony, the trial court may impose one or more community sanctions, including residential, nonresidential, and financial sanctions, and any other conditions that it considers "appropriate." The General Assembly has thus granted broad discretion to trial courts in imposing community-control sanctions. We review the trial court's imposition of community-control sanctions under an abuse-of-discretion standard. Lakewood v. Hartman (1999),86 Ohio St.3d 275, 714 N.E.2d 902 (reviewing a probation condition under an abuse-of-discretion standard).
 {¶ 19} "Nevertheless, a trial court's discretion in imposing probationary conditions is not limitless. Jones, 49 Ohio St.3d at 52,550 N.E.2d 469. In Jones, we set forth the standard by which courts determine whether a trial court exceeds those limits. * * * *Page 6 
 {¶ 20} "Having so limited our analysis in Jones, we set forth the test for determining whether a condition reasonably relates to the three probationary goals-as reflected in former R.C. 2951.02(C)-of "doing justice, rehabilitating the offender, and insuring good behavior." 140 Ohio Laws, Part I, at 604. We stated that courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Jones, 49 Ohio St.3d at 53, 550 N.E.2d 469."
 {¶ 21} As set forth in the statement of facts and case above, the trial court imposed as a term of appellant's community control he have no contact with children under the age of eighteen years during the five year term of his community control sanction. We find the restriction imposed by the trial court was reasonably related to the statutory ends of community control, and had a direct relationship to the crime for which the offender was convicted, being gross sexual imposition involving his six year-old grandson. The restriction relates to conduct which is reasonably related to future criminality.
 {¶ 22} The first and second assignments of error are overruled.
 III {¶ 23} In the third assignment of error, appellant argues the trial court abused its discretion in not ordering a competency evaluation of appellant prior to revocation.
 {¶ 24} At the revocation hearing in this matter, appellant's counsel informed the court he had been contacted by the jail administrator relative to appellant's mental health. On one occasion appellant asked the administrator where his shoes were, when *Page 7 
they were on his feet. Numerous times appellant asked the deputy his name. Appellant's attorney told the trial court appellant was not sure why he was in jail. Further, the police report indicates appellant told the police he could not remember what happened during the incident.
 {¶ 25} In unsworn testimony, appellant's wife testified as to changes in appellant's conduct and behavior
 {¶ 26} The trial court stated on the record,
 {¶ 27} "I'm going to hold the hearing and hear what the evidence is and then will be making a decision concerning the issues that are before the Court. I'm going to go forward with the hearing."
 {¶ 28} Tr. at 15-18.
 {¶ 29} Following the presentation of evidence, the trial court concluded:
 {¶ 30} "I'm going to conclude with that Mr. Brank as I indicated in my opening remarks, after Ms. Brank gave the Court assistance as his spouse addressing the issue of Mr. Brank's conduct and ability to appreciate and understand, I'm going to conclude that the competency of Mr. Brank to testify viz a viz 2945.371 of the Revised Code is not an issue at this hearing for the reason that the testimony presented by the State is so clear and so disconnected if you will from any need of Mr. Brank to be able to give you assistance in defending him that the issue is academic.
 {¶ 31} "And I'm going to conclude that the evidence has proved by a preponderance that Mr. Brank violated the community control sanctions to which he was sentenced by entry of November 5th, 2005, and more specifically that he has violated the non-residential sanction on page 5 which reads verbatim, "The Defendant shall have *Page 8 
no contact with children under the age of 18 years during the period of community control sanctions."
 {¶ 32} Tr. at 24-25.
 {¶ 33} Prior to the trial court resentencing appellant, the following exchange occurred:
 {¶ 34} "The Court: Thanks, Gerry.
 {¶ 35} "Mr. Brank, you understand what we're going to be doing right now?
 {¶ 36} "The Defendant: I'm afraid so.
 {¶ 37} "The Court: What do you think I'm going to be doing right now?
 {¶ 38} "The Defendant: Sentencing me to a period of incarceration.
 {¶ 39} "The Court: Okay. You're absolutely right. What do you have to say about that? Do you wish to say anything to me about that?
 {¶ 40} "The Defendant: I can't even remember the day that the offense was supposed to have occurred.
 {¶ 41} "The Court: I understand that. Do you have any comment to me about the sentence to prison that's about to be imposed?
 {¶ 42} "The Defendant: I have no comment. I just wonder why? What'd I do? What law did I break?
 {¶ 43} Tr. at 27-28.
 {¶ 44} Initially, we note, the decision whether to grant a hearing on competency at a revocation hearing is within the sound discretion of the trial court, and must be determined on a case-by-case basis. State v.Qualls (1988), 50 Ohio App.3d 56; State v. Johnson
(2006),112 Ohio St.3d 210. *Page 9 
 {¶ 45} Upon review of the record, the trial court did not abuse its discretion in denying appellant's request for a competency hearing. The trial court specifically concluded appellant's competency to testify was not an issue at the hearing for the reason the testimony presented by the State was so clear and so disconnected from appellant's ability to assist his counsel in defending him. We agree.
 {¶ 46} The third assignment of error is overruled.
 {¶ 47} The August 31, 2006 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed.
 By: Hoffman, P.J. Farmer, J. and Edwards, J. concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the August 31, 2006 Judgment Entry of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1