OPINION
{¶ 1} Defendant-appellant, Vincent P. Reynolds, appeals from a judgment of the Franklin County Court of Common Pleas denying appellant's R.C. 2941.401 motion for final disposition. Plaintiff-appellee, State of Ohio, has filed a motion to dismiss this appeal for lack of a final, appealable order. Because the judgment at issue is not a final, appealable order, we grant the state's motion and dismiss this appeal.
 {¶ 2} On April 12, 2005, appellant was indicted for one count of failure to verify his current address in violation of R.C. 2950.06, a felony of the fourth degree. Appellant ultimately pled guilty to the stipulated lesser offense of failure to verify current address, as a felony of the fifth degree. On August 5, 2005, the trial court sentenced appellant to a *Page 2 
term of community control pursuant to a joint recommendation by the parties. Along with the standard conditions, the court ordered appellant to obtain and maintain verifiable employment and to comply with mandatory registration provisions. The court informed appellant that a violation of the community control conditions could result in incarceration in a state penal institution.
 {¶ 3} Thereafter, appellant was incarcerated in connection with an unrelated Highland County case. On February 14, 2006, while appellant was still incarcerated in connection with the Highland County case, the trial court issued a capias and placed a holder on appellant due to appellant's alleged violation of the conditions of community control. On March 29, 2006, appellant requested early disposition of the alleged community control violation. Thereafter, appellant filed a pro se motion for final disposition with the trial court. The trial court denied the motion in an August 4, 2006 decision and entry.
 {¶ 4} Appellant now appeals, assigning the following error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED APPELLANT'S PRO SE AND INSTITUTIONAL REQUEST FOR FINAL DISPOSITION.
 {¶ 5} As a threshold matter, we must determine whether we have jurisdiction to review this case because Article IV, Section 3(B)(2) of the Ohio Constitution limits our jurisdiction to review of final orders. Appellee argues in its motion to dismiss that the decision and entry that is the subject of this appeal is not a final order. We agree.
 {¶ 6} A final and appealable order must meet the requirements of R.C.2505.02(B) and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. KentState Univ. (1989), 44 Ohio St.3d 86, 88. Although appellant has not responded to appellee's motion to dismiss and therefore, does not present an argument for why the decision and entry at *Page 3 
issue is a final, appealable order, it appears that the only arguable grounds for the exercise of appellate jurisdiction are R.C.2505.02(B)(2) or (4). These provisions provide as follows:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 * * *
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 * * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 7} Before analyzing whether the trial court's decision is a final, appealable order, we must first examine the purpose and effect of R.C.2941.401. If a defendant is incarcerated, R.C. 2941.401 governs the time within which the state must bring any "untried indictment, information, or complaint against the prisoner," assuming the prisoner has complied with the statutory requirements. R.C. 2941.401 provides:
 When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his *Page 4 
imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.
 The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
 Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.
 If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.
 This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death.
 {¶ 8} Appellant filed a motion for final disposition in an attempt to trigger the speedy trial requirement set forth in R.C. 2941.401. Assuming, without deciding, that R.C. 2941.401 even applies to the alleged violation of a condition of community control, the trial court's decision denying appellant's motion is not a final, appealable order. *Page 5 
 {¶ 9} We first address whether the trial court's decision and entry is a final order under R.C. 2505.02(B)(2). Assuming that R.C. 2941.401
creates a substantial right (the right to final disposition of "any untried indictment, information, or complaint against the prisoner") the trial court's decision and entry did not "affect" that substantial right. As noted by the court in State v. Chalender (1994),99 Ohio App.3d 4, 7:
 A substantial right is not affected merely because an order has the immediate effect of restricting or limiting that right. Rather, a substantial right is affected when there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right.
See, also, State v. Serednesky (Nov. 22, 1999), Mahoning App. No. 99 CA 77. Here, appellant retains the ability to assert his speedy trial and/or due process arguments before the trial court in any future proceeding regarding the revocation of his community control. In addition, appellant can appeal a decision to revoke his community control. See State v. Miller, Franklin App. No. 03AP-1004,2004-Ohio-1007; State v. Brank, Tuscarawas App. No. 2006AP090053,2007-Ohio-919; State v. Scott, Lucas App. No. L-04-1253, 2005-Ohio-4873;State v. Dinger, Carroll App. No. 04-CA-814, 2005-Ohio-6942. Therefore, the trial court's decision and entry denying appellant's motion for final disposition is not a final, appealable order under R.C.2505.02(B)(2).[1]
 {¶ 10} For essentially these same reasons, the decision and entry denying appellant's motion for a final disposition is not a final, appealable order under R.C. 2505.02(B)(4). Even if R.C. 2941.401 is considered a provisional remedy, an order denying a remedy under that section does not preclude appellant from a meaningful or *Page 6 
effective remedy by an appeal following the trial court's determination of whether appellant violated the terms of his community control and whether his community control should be revoked.[2]
 {¶ 11} For the foregoing reasons, we find that the trial court's decision and entry denying appellant's motion for final disposition is not a final, appealable order. Therefore, we grant appellee's motion to dismiss.
Motion to dismiss granted; case dismissed.
PETREE and McGRATH, JJ., concur.
[1] Given our determination that the trial court's decision and entry did not "affect" a substantial right, we need not address whether a hearing to revoke community control is a "special proceeding" under R.C.2505.02(B)(2).
[2] Because we dismiss this case for want of appellate jurisdiction, we do not address whether R.C. 2941.401 applies to a proceeding to revoke community control. *Page 1