[Cite as *Nester v. Nester*, 2014-Ohio-1759.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SANDRA NESTER | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CA 56 |
| DORAN NESTER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 11 DR 438

JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: April 24, 2014


APPEARANCES:

For Plaintiff-Appellee

BRIAN HERZBERGER
2691 East Main Street
Suite 102A
Columbus, Ohio 43209

For Defendant-Appellant

DORAN NESTER
PRO SE
61 Carroll Eastern Road NW
Baltimore, Ohio 43105

*Wise, J.*

{¶1}. Appellant Doran Nester appeals the decision of the Fairfield County Court of Common Pleas, Domestic Relations Division, which granted Appellee Sandra Nester's complaint for divorce. The relevant facts leading to this appeal are as follows.

{¶2}. Appellant Doran and Appellee Sandra were married in Fairfield County, Ohio, in October 1966. On August 12, 2011, appellee filed a complaint for divorce in the trial court. Appellant filed an answer on December 2, 2011.

{¶3}. The matter came before the trial court magistrate for final hearing on October 23, 2012. The magistrate issued a written decision on April 19, 2013, recommending the granting of a divorce and addressing the various financial issues, noting that at the time of the decision, appellant was 77 years old and appellee was 68 years old. On May 8, 2013, appellant filed a pro se notice of appeal, which became case number 13CA38 before this Court.[1] However, we dismissed said appeal on July 19, 2013, for want of prosecution.

{¶4}. Thereafter, via a final judgment entry/decree issued by the trial court July 24, 2013, the parties were granted a divorce. Among other things, the trial court ordered the marital residence sold, with the proceeds to be divided equally, and awarded appellee spousal support in the amount of $312.50 per month.

{¶5}. On August 8, 2013, appellant filed a pro se notice of appeal. His brief was filed on September 4, 2013. Appellee did not file a response brief, although she filed a motion to dismiss the appeal, which we denied on March 26, 2014.

---

[1] Despite appellant's attempt to appeal at that point, the record indicates that no objections to the magistrate's decision were ever filed by either party.

**{¶6}.** Appellant has not set forth any specific assigned errors. However, we find contained in the text of his handwritten brief the following claims:

**{¶7}.** "I. DEFENDANT CANNOT ABIDE BY [THE TRIAL COURT'S] DECISION THAT HE PAY SPOUSAL SUPPORT OF $312.50 PER MONTH PLUS PAY PLAINTIFF'S ATTORNEY $500.00 OF HER FEES.

**{¶8}.** "II. THE AMOUNT [OF CREDIT CARD DEBT] SHOULD BE $5,420.00 ÷ 2 = $2,710.00 AND NOT THE $2,109.50 LISTED BY [THE TRIAL COURT].

**{¶9}.** "III. BECAUSE OF ALL THE SACRIFICES THAT DEFENDANT HAS MADE SINCE JUNE, 2007, HE HAS PAID $42,904.00 MORTGAGE PRINCIPAL, $6,173.00 PROPERTY TAXES AND $5,837.00 INSURANCE AND FEELS HE SHOULD BE ABLE TO RECOVER A PORTION OF THOSE AMOUNTS SINCE THEY WERE MARITAL DEBTS."

I., II., III.

**{¶10}.** As previously indicated herein, appellant did not properly object to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides that " * * * [a] party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." *See, e.g., Stamatakis v. Robinson*, 5th Dist Stark No. 96CA303, 1997 WL 115878. We nonetheless recognize that an appellant's failure to specifically object to a magistrate's decision does not bar appellate review of "plain error." *See, e.g., Tormaschy v. Weiss*, 5th Dist. Richland No. 00 CA 01, 2000 WL 968685, citing *R.G. Real Estate Holding, Inc. v. Wagner*, 2nd Dist. Montgomery No. 16737, 1998 WL 199628. However, even under a plain error standard, our review is effectively impeded because, although the record includes several

financial statement exhibits, appellant has failed to provide this Court with a written transcript of the trial to the magistrate. Pursuant to App.R. 9(B)(1), "[i]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." In such a situation, we generally must presume the regularity of the proceedings below and affirm. *See, e.g., State v. Myers*, 5th Dist. Richland No. 2003CA0062, 2004–Ohio–3715, ¶ 14, citing *Knapp v. Edwards Laboratories.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶11}. This Court is cognizant that appellant is proceeding pro se, and, according to his brief, suffers from a number of physical ailments, including COPD, hearing loss, and arthritis. However, "[w]hile insuring that pro se appellants * * * are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." *State v. Wayt,* 5th Dist. Tuscarawas No. 90AP070045, 1991 WL 43005.

{¶12}. Appellant's aforementioned Assignments of Error are therefore overruled.

{¶13}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0403