[Cite as *State v. Holman*, 2014-Ohio-3908.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No. 100468

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JASON E. HOLMAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED FOR RESENTENCING

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-537311

**BEFORE:** Stewart, J., Rocco, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
1370 Ontario Street, Suite 2000
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary Weston
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} The trial court found defendant-appellant Jason Holman guilty of breaking and entering, and burglary in two cases. The court ordered a suspended sentence and ordered Holman to comply with the terms of his probation. In October 2012 after a probation revocation hearing, the court determined that Holman had violated the terms of his probation, and sentenced him to serve 36 months for the burglary conviction and 12 months for the breaking and entering conviction and ran the sentences consecutively. On appeal in three assignments of error, Holman argues that the court abused its discretion by failing to order a competency assessment, that his trial counsel was ineffective for failing to request a competency assessment, and that the court failed to make the proper findings before imposing consecutive sentences. For the reasons that follow, we affirm Holman's convictions but remand for resentencing.

{¶2} In April 2010 in CR-10-535678, Holman pleaded guilty to fifth-degree breaking and entering in violation of R.C. 2911.13(A). Prior to sentencing, Holman was arrested on new charges in CR-10-537311. At the sentencing hearing for CR-10-535678, Holman orally moved the court to withdraw his guilty plea. After the court discussed the motion and circumstances of the case with Holman and his counsel, the court granted the motion and Holman was referred to the court psychiatric clinic to determine his eligibility for transfer to the mental health docket.

**{¶3}** In CR-10-537311, Holman was indicted on one count of burglary, a second-degree felony, with notice of prior conviction and repeat violent offender specifications. He was also charged with fifth-degree theft and fifth-degree vandalism.

**{¶4}** In July 2010, both cases were transferred to the mental health docket. Holman was appointed a defense attorney experienced in representing defendants with mental health issues. On July 27, 2010, Holman pleaded guilty in both cases: in CR-10-535678 to breaking and entering as indicted, and in CR-10-537311 to third-degree burglary, a lesser offense as amended, with the remaining theft and vandalism counts nolled. Holman was referred to the court psychiatric clinic for a mitigation of penalty report and sentencing was scheduled for August 2010. The trial court sentenced Holman to three years community control sanctions including supervision by the adult probation department with a period of time at an inpatient substance abuse treatment facility.

**{¶5}** Holman appeared in court for a probation revocation hearing in May 2012. Holman's probation officer alleged that Holman failed to complete a court ordered drug rehabilitation program. He also missed appointments with his doctor and his case manager. There was some discussion by Holman's attorney that Holman had stopped taking his medication that might have been the cause of his failure to comply with the terms of his probation. The court extended his probation but in October 2012, Holman was again before the court for violating the terms of his probation. Holman's probation officer this time asserted that he had reason to believe that Holman was at times using

illegal drugs and that his mental health was deteriorating. Again, the court continued Holman's probation and ordered him additional treatment at an inpatient facility.

{¶6} Two weeks later, Holman returned to the courtroom again for violating the terms of his probation. His probation officer told the court that Holman had threatened to kill various people and himself. Holman's counsel advised the court that Holman was bipolar, had a low IQ, and did not appear to understand that the termination of his probation could result in a prison sentence. The court found that Holman was unwilling to comply with the terms of his probation and sentenced him to 36 months for the burglary and 12 months for breaking and entering, to run consecutive to each other.

{¶7} In Holman's first assigned error he argues that the trial court abused its discretion by not ordering a competency assessment. Holman argues that he was "confused" by his sentence and lacked a clear understanding of the length of time he potentially faced once his sentence was imposed. Holman also asks this court to equate his low IQ, mental health, and substance abuse issues with an obvious need to have his competency assessed. Such a finding, however, is not supported by law.

{¶8} "The issue of a defendant's competency to participate in probation revocation proceedings may be raised by the court or defendant, and the decision to hold a competency hearing must be made on a case-by-case basis in the exercise of the sound discretion of the trial court." *State v. Qualls*, 50 Ohio App.3d 56, 552 N.E.2d 957 (10th Dist. 1988), paragraph one of syllabus. In a probation hearing, a defendant has a due process right to a competency hearing when there is a substantial basis for the suggestion

that appellant is incompetent. *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist. 1990), citing *Qualls* at 58.

{¶9} Incompetency is defined as a defendant's inability to understand the nature and objective of the proceedings or presently assist in his defense. *State v. Mangus*, 7th Dist. Columbiana No. 07 CO 36, 2008-Ohio-6210, ¶ 66. Incompetency is not equated with mere mental or emotional instability or even with outright insanity. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 47. A defendant may be emotionally disturbed and still be capable of understanding the charges against him and of assisting his counsel. *Mangus*, citing *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

{¶10} In *State v. Brank*, 5th Dist. Tuscarawas No. 2006P090053, 2007-Ohio-919, the trial court placed the appellant under community control sanctions following a conviction for gross sexual imposition. Under the terms of his community control, the appellant was not to have any contact with children. The state moved for revocation of the appellant's community control following an incident where the appellant tried to take an unaccompanied child on a walk. After a hearing, the court determined that the appellant had violated his probation and revoked the appellant's community control sanction. On appeal, the appellant claimed that the trial court abused its discretion by not ordering a competency evaluation after his conduct in jail and at his probation revocation hearing suggested that he suffered from mental health issues. While in jail, the appellant appeared disoriented and claimed to not know his own name. *Id.* at ¶ 24.

At his probation revocation hearing, he told the court he did not understand the charges against him and that he was afraid. *Id*. at _ 34-40. The court specifically concluded that the appellant's competency was not at issue pursuant to R.C. 2945 where the "testimony presented by the [s]tate was so clear and so disconnected from appellant's ability to assist his counsel in defending him." The Fifth District upheld this judgment finding that the trial court did not abuse its discretion by failing to hold a competency hearing. *Id*. at _ 45.

{¶11} Likewise in *Qualls*, the appellant argued that the trial court erred by revoking his probation where there existed substantial evidence casting doubt on his competency. Similar to the case at bar, the appellant in *Qualls* did not raise the issue of his competency to participate in, and understand, the proceedings and their result. He argued that the court should have ordered a competency evaluation because it was obvious that he suffered from mental illness. Also like Holman, he argued that his probation violations were a result of his mental illness. *Id*. at 58. The reviewing court rejected the argument that the court should have ordered a competency evaluation and subsequent hearing. The trial court had no duty to perform a competency evaluation where it was clear from the record that at the probation hearing the appellant was apprised of the grounds upon which his probation was being revoked, had the assistance of counsel, and the record clearly demonstrated that the appellant was able to follow the dialogue during the hearing and was cognizant of the reasons for his arrest. *Id*. Additionally the court stated, "[w]hen requested, a competency hearing may be held in the

sound discretion of the trial court, [appellant] did not request a competency hearing and the record reflects no evidence suggesting that it was not within the sound discretion of the trial court not to conduct one." *Id.*

{¶12} While it is clear from the record that Holman suffers from mental health and substance abuse issues, neither Holman's attorney, probation officer nor the court raised the issue of competency and requested that an evaluation and competency hearing be held. Holman had the wherewithal to request that the court withdraw his initial guilty plea, discuss his case with his appointed counsel, inform the court regarding his medications, and answer the court's questions during the plea colloquy. The trial court properly acknowledged Holman's mental health issues by appointing trial counsel experienced in representing clients with mental health issues and also by placing Holman's case on the mental health docket. No further action by the court was required. We overrule Holman's first assigned error.

{¶13} Holman's second assignment of error is likewise without merit. He argues that his counsel was ineffective because his counsel failed to raise the issue of competency at his final probation revocation hearing.

{¶14} In order to prevail on an ineffective assistance of counsel claim, a defendant must show (1) his counsel was deficient in any aspect of his representation, and (2) the defendant must show that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶15}** Holman has failed to demonstrate how his counsel's failure to request a competency assessment was deficient and what prejudice he suffered as a result. Holman argues that his counsel was in the position to closely observe him, and that he should have been aware that Holman was suffering new symptoms of his mental illness that may have been causing him to violate his probation by threatening to harm himself and others. As discussed when addressing Holman's first assignment of error, having mental illness does not automatically trigger questioning one's competency.

**{¶16}** Holman also fails to demonstrate that, had his counsel raised the issue of competency, it would have altered the outcome of his probation revocation hearing. On several occasions the trial court continued Holman's probation and ordered additional mental health treatment. The court was told that Holman was not taking his medication and was suspected of using illegal drugs. Based on all the information the court had before it and Holman's history with violating the terms of his probation, we are not persuaded that the trial court would have ordered a competency assessment had counsel requested as much. We therefore overrule this second assignment of error.

**{¶17}** In his third and final assigned error, Holman argues that the court failed to make the proper findings before imposing consecutive sentences for his burglary and breaking and entering convictions.

**{¶18}** Under R.C. 2929.14(C)(4), a trial court may impose consecutive multiple prison terms for convictions on multiple offenses where the court makes the necessary statutory findings. This court has interpreted the statute to require that the trial court to

make separate and distinct findings apart from any findings relating to the purposes and goals of criminal sentencing. *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, _ 13. *See also State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453.

{¶19} R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} A review of the record demonstrates that the trial court failed to make all the necessary findings required by the statute. The court stated:

COURT: You've indicated you want your sentence, and you can have it. The Court's going to sentence you to 36 months, which is the maximum on the felony of the third degree; and that's consecutive to a one-year sentence on the felony of the fifth

> degree. That's the maximum I can sentence you to in order to protect the public against these potential threats.

The sentencing transcript reflects that the court found that the public needed to be protected, fulfilling the first requirement of the statute. The third requirement is satisfied because Holman was under community control sanction at the time he was sentenced. However, the court did not make the second required finding under the statute. We therefore vacate the sentence and remand the case for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, to make the required findings on the record and incorporate those findings into the court's sentencing entry. *See State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177.

{¶21} Conviction affirmed; cause reversed in part and remanded to the trial court for resentencing consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

KENNETH A. ROCCO, P.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS
IN JUDGMENT ONLY