[Cite as *State v. Ayers*, 2025-Ohio-1868.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| DUJUAN AYERS, | : | Case No. 2024 CA 0023 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Richland County
Court of Common Pleas, Case No.
2023 CR 0663

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     May 23, 2025

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

JODIE M. SCHUMACHER          MICHAEL L. BROWN
Prosecuting Attorney          805 E. Washington St.
Richland County, Ohio          Suite 220
                              Medina, Ohio 44256
By: MEGAN HOBART
Assistant Prosecuting Attorney
Richland County, Ohio
38 South Park Street
Mansfield, Ohio 44902

*Baldwin, P.J.*

{¶1}     The appellant, Dujuan Ayers, appeals the decision of the trial court to accept his plea of guilty to the violation of his community control sanctions and impose sentence. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}     On August 28, 2023, Officer Sean Nolan of the Ashland Police Department was dispatched in response to a complaint of assault. Officer Nolan interviewed victim H.G., who reported that she had been previously assaulted by the appellant and believed that he had come to her home in an attempt to persuade her to drop the charges. When she refused to talk with him, he grabbed her by the throat and choked her. Officer Nolan observed H.G. to be visibly shaken as he interviewed her. He later found the appellant's broken cell phone in the parking lot, having apparently fallen from the appellant's hoodie when he ran away from H.G.'s apartment.  Officer Nolan filed an incident report, as well as a criminal complaint against the appellant on the charge of strangulation. The municipal court issued a Criminal Protection Order against the appellant, conducted a preliminary hearing on the criminal complaint, set bond, and bound the matter over to the common pleas court.

{¶3}     The common pleas court appointed counsel for the appellant on September 6, 2023. The appellant was indicted on September 15, 2023, on one count of strangulation in violation of R.C. 2903.18(B)(3) and (C)(3), a felony of the fifth degree; and, one count of assault in violation of R.C. 2903.13(A) and (C), a misdemeanor of the first degree. The appellant was arraigned on September 26, 2023, at which time he pleaded not guilty.

**{¶4}** On October 24, 2023, the trial court conducted a change of plea hearing at which the court engaged in the requisite Crim.R. 11 colloquy, determined that the appellant was acting voluntarily and knowingly, accepted the appellant's guilty plea on both counts, and scheduled the matter for sentencing.

**{¶5}** On November 27, 2023, the trial court conducted a sentencing hearing during which it sentenced the appellant to forty-eight months of community control during which the appellant was to do all of the following: set up an installment plan to pay for all court ordered financial obligations, and to pay $25.00 per month for monitoring, testing, treatment, and counseling expenses; repay appointed counsel fees to the Clerk (as a civil assessment and not part of his sentence); legally establish and pay/collect child support; seek and maintain full-time employment/schooling, and if unemployed for more than 45 days perform 200 hours community service; successfully complete the D.O.V.E. program, as well as intensive supervision; submit to random drug and alcohol testing, and stay out of high drug traffic areas; have no contact with the victim, H.G.; and, complete a substance abuse/mental health assessment and follow all treatment recommendations. Finally, the trial court ordered that if the appellant violated any conditions of his community control supervision he would be subject to a twelve-month prison term with two years of discretionary post-release control. The court issued a Sentencing Entry on November 28, 2023, confirming the appellant's sentence. The appellant did not appeal.

**{¶6}** On March 8, 2024, a "Notice of Hearing Probation Violation" was issued to the appellant notifying him that a hearing had been scheduled on April 1, 2024, regarding whether his probation should not be revoked. The Notice outlined four separate instances of the appellant's failure to comply with the terms and conditions of his community control:

(1) the appellant failed to report for a scheduled office visit with his supervising officer on March 1, 2024;[1] (2) the appellant drove past victim H.G.'s house on March 5, 2024; (3) the appellant failed to cooperate with law enforcement officers when he was arrested on March 6, 2024; and, (4) the appellant failed to make any payments toward court costs. In addition, the appellant failed to start the D.O.V.E. program as ordered. A review of the record establishes that the Notice of Hearing Probation Violation was served upon the appellant at the Richland County Jail by Probation Officer Daniel P. Myers on March 8, 2024, at 10:30 a.m. The Notice was also served upon the appellee; Probation Officer Myers; and, the appellant's trial counsel Allen D. Werstiuk, who was re-appointed to represent him at the violation hearing.

{¶7} The trial court conducted a full hearing on the appellant's violations of community control on April 1, 2024. No transcript of this proceeding was provided to this Court. On April 3, 2024, the trial court entered a Community Control Violation Journal Entry in which it set forth, inter alia, the following: (1) defense counsel was given an opportunity to speak and present mitigating evidence regarding the appellant's violations, the court personally addressed the appellant, and provided the appellant with an opportunity for allocution; and, (2) the appellant entered an admission to community control violations 1, 2, 3, and 4, and the court found him guilty of the violations. The trial court sentenced the appellant to twelve months in prison on the strangulation charge, and

---

[1] The detailed list of violations prepared by the appellant's probation officer and attached to the Notice of Hearing listed the dates of the appellant's violations as March 1, 5, and 6, 2023, which appears to be a typographical error since the appellant was sentenced in November of 2023 and the Notice of Hearing is dated March 8, 2024.

180 days in jail on the assault charge, to be served concurrently. In addition, the court sentenced the appellant to up to two years discretionary post release control.

{¶8} The appellant filed an appeal, and sets forth the following three assignments of error:

{¶9} "I. DUJUAN'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE."

{¶10} "II. DUJUAN'S PRISON SENTENCE FOR VIOLATION OF HIS COMMUNITY CONTROL DID NOT COMPLY WITH THE REQUIREMENTS UNDER *STATE V. JONES*, 49 OHIO ST.3D 51, 53, 550 N.E.2D 469 (1990 AS DUJUAN WAS SANCTIONED CONTRARY TO LAW UNDER R.C. 2929.18."

{¶11} "III. DUJUAN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN ENTERING HIS PLEA."

## STANDARD OF REVIEW

{¶12} The standard of review in cases involving the revocation of community control was discussed by this Court in *State v. Fears*, 2018-Ohio-1468 (5th Dist.):

> "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675 (6th Dist.), ¶ 19, *quoting State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist. 1990). "Because a community control revocation hearing is not a criminal trial, the state does not have to establish a violation with proof beyond a reasonable doubt." *State v. Wolfson,* 4th Dist. Lawrence No. 03CA25, 2004-Ohio-2750, 2004

WL 1178724, ¶ 7; *see, also, State v. Payne*, 12th Dist. Warren No. CA2001-09-081, 2002 WL 649403; *State v. Hylton*, 75 Ohio App.3d 778, 782, 600 N.E.2d 821 (4th Dist. 1991). Instead, the state need only present "substantial" proof that a defendant willfully violated the community control conditions. *See Hylton*, 75 Ohio App.3d at 782, 600 N.E.2d 821[2]. "The test ordinarily applied is highly deferential to the decision of the trial court and is akin to a preponderance of the evidence burden of proof. *See State v. Alderson*, 4th Dist. Meigs No. 98CA12, 1999 WL 713594 (Aug. 31, 1999). Accordingly, the court's conclusion must be sustained if there is competent credible evidence to support it. Id." *State v. Hayes*, 6th Dist. Wood No. WD–00–075, 2001 WL 909291 (Aug. 10, 2001). Additionally, the "[d]etermination of the credibility of the witnesses is for the trier of fact." *Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, ¶ 19. *See also*, *State v. Brank*, 5th Dist. Tusc. No.2006AP 090053, 2007-Ohio-919, 2007 WL 657704.

Once a trial court finds that a defendant violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse trial court decisions unless a court abused its discretion. *Wolfson,* 2004-Ohio-2750, 2004 WL 1178724, ¶ 8.

An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by

reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, 2014 WL 602264, ¶ 35; *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066-M, 2013-Ohio-4380, 2013 WL 5519847, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823, 2006 WL 3185175, ¶ 54.

*Id.* at ¶¶ 16-19.

## ASSIGNMENT OF ERROR I

**{¶13}** The appellant argues in his first assignment of error that his plea was not knowingly, intelligently, and voluntarily made because the docket does not reflect that he received written notice of the violations. We disagree.

### Law and Analysis

**{¶14}** Crim. R. 32.3 addresses revocation of probation, and provides in pertinent part:

(A)   **Hearing.** The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing.

(B)   **Counsel.** The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel,

knowingly, intelligently, and voluntarily waives the right to counsel.

Where a defendant convicted of a petty offense is unable to obtain

counsel, the court may assign counsel to represent the defendant.

The appellant argues that the docket does not reflect that he received written notice of the hearing, and as such his guilty plea to the same was not knowingly, voluntarily, or intelligently made. This argument is without merit.

{¶15} A review of the record establishes that the "Notice of Hearing Probation Violation" was served upon the appellant at the Richland County Jail by his probation officer. Furthermore, the trial court's docket establishes that the March 8, 2024, "Notice of Hearing Probation Violation" was served upon all interested parties, including the prosecutor, the probation officer, the appellant's counsel Allen D. Werstiuk, and the appellant at the Richland County Jail.

{¶16} The appellant was notified of the alleged probation violations, and the trial court provided him with Notice of Hearing regarding the same. Furthermore, the trial court appointed the appellant's trial counsel to represent him at the hearing. The hearing proceeded, at which time the appellant's counsel was provided with an opportunity to defend and/or present mitigating evidence, and the appellant was provided with an opportunity to speak. The trial court satisfied the requirements of Crim.R. 32.3. We find that there is competent credible evidence to support the trial court's decision to revoke the appellant's community control sanction, and his first assignment of error is therefore overruled.

**ASSIGNMENT OF ERROR II**

**{¶17}** The appellant argues in his second assignment of error that the prison sentence for his violation of community control does not comply with the requirements of *State v. Jones*, 49 Ohio St.3d 51 (1990), as he was sanctioned contrary to law under R.C. 2929.18. We disagree.

**Law and Analysis**

**{¶18}** The appellant bases his argument on the premise that his community control sanctions were not reasonably related to his rehabilitation, bore no relationship to the crimes to which he originally pleaded guilty, and had no relation to his criminal conduct or future criminality. However, the appellant did not appeal the trial court's November 27, 2023, community control sanctions sentence, nor did he object to the conditions of his community control at the time they were imposed. Therefore, the doctrine of res judicata proscribes any challenge to the appellant's community control conditions in his appeal of the trial court's April 3, 2024, decision to impose sentence for his community control violations.

**{¶19}** As set forth by the court in *State v. Lepley*, 24 Ohio App. 3d 237 (9th Dist. 1985): "The proper remedy for alleged errors or irregularities in sentencing, as well as in trial proceedings, is by appeal. *In re Copley* (1972), 29 Ohio St.2d 35, 278 N.E.2d 358 [58 O.O.2d 98]. To allow defendant to challenge the validity of the conditions of his probation now would, in effect, permit a circumvention of appellate rules requiring that an appeal be taken within thirty days. Moreover, if defendant at any time felt the condition was unfair, he could have petitioned the court to modify the terms for payment." *Id.* at 238. The appellant cannot now challenge the conditions of his community control when he failed to

appeal the trial court's initial imposition of community control and the conditions thereof. As a result, his second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

**{¶20}** The appellant argues in assignment of error number three that he was denied effective assistance of counsel during his community control revocation hearing. We disagree.

### Standard of Review

**{¶21}** The standard of review for ineffective assistance of counsel was set forth in the seminal case of *Strickland v. Washington,* 466 U.S. 668 (1984), and was discussed by this court in *Mansfield v. Studer,* 2012-Ohio-4840 (5th Dist.):

A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838 (1993); *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052(1984); *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance,* 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251(2009).

To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Strickland v. Washington* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed

to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064.

In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064.

*Studer, supra,* at ¶¶ 58-61. Thus, in order to prevail on an ineffective assistance of counsel argument the appellant must establish two prongs: first, that his trial counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of an essential duty to the appellant; and second, that the appellant was prejudiced by such the alleged ineffectiveness.

**Law and Analysis**

**{¶22}** The appellant argues in his third assignment of error that his trial counsel was ineffective because he never raised the *Jones* requirements when community control was being revoked and in arguing sentence, and as such was deprived of effective assistance of counsel. This argument is unpersuasive.

**{¶23}** The appellant failed to provide this Court with a transcript of the April 1, 2024, revocation hearing. App.R. 9(B) provides in pertinent part that "it is the obligation

of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App. R. 9(B)(6)." This Court addressed the failure to provide a transcript of the proceedings in which an appellant claims error in *Nester v. Nester*, 2014-Ohio-1759 (5th Dist.):

> . . . Pursuant to App.R. 9(B)(1), "[i]t is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." In such a situation, we generally must presume the regularity of the proceedings below and affirm. *See, e.g., State v. Myers,* 5th Dist. Richland No.2003CA0062, 2004–Ohio–3715, ¶ 14, citing *Knapp v. Edwards Laboratories.* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

*Id.* at ¶10. Because the appellant failed to provide this Court with a transcript of the April 1, 2024, probation violation hearing, we must presume the regularity of the trial court proceedings during which the appellant's community control was revoked and a term of imprisonment imposed.

{¶24} Furthermore, contrary to the appellant's argument, the fact that his trial counsel did not raise the *Jones* requirements when community control was being revoked and sentence imposed does not render trial counsel ineffective. The *Jones* requirements – that the conditions of probation be related to the "interests of doing justice, rehabilitating the offender, and insuring his good behavior;" be reasonably related to rehabilitating the offender; have some relationship to the crime of which the offender was convicted; and,

relate to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation – should have been addressed in a direct appeal from the November 27, 2023, judgment entry in which the appellant was originally sentenced. Because the November 27, 2023, sentencing order was not appealed, the conditions of the appellant's community control are now subject to res judicata. Accordingly, the appellant's third assignment of error is without merit.

## CONCLUSION

**{¶25}** Based upon the foregoing, the appellant's assignments of error numbers one, two, and three are overruled, and the decision of the Richland County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.